## BAR AS TO BALANCE OF CLAIM.

Circuit Court of Cuyahoga County.    -

### J. A. SNELL v. THE W. A. BANKS CO. *

Decided, October 19, 1908.

*Taking Judgment for Part of Amount Claimed—Balance Waived.*

In an action for the amount due at an agreed price for a carload of oranges, the answer alleged that the oranges arrived in a frozen condition and were not accepted; that notice of non-acceptance was given the shipper and that the fruit would be sold upon a commission basis, which was done, realizing less than the agreed price, which less sum it was admitted was due the plaintiff. For this admitted amount plaintiff took judgment and asked for trial as to the balance of his claim under favor of Revised Statutes, Section 5320; this was denied him. *Held:* no error.

*David B. Carpenter,* for plaintiff in error.
*White, Johnson, McCaslin & Cannon,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

J. A. Snell brought suit against the Banks Company, setting out two causes of action. We are here concerned with the first cause of action only. As to that, the allegations of the petition are that Snell sold and delivered to the Banks Company a carload of oranges for the agreed price of $495, payable on delivery. To this the defendant answered, admitting that it made an agreement to take from the plaintiff a carload of oranges, at the price named, upon a contract that these oranges should be of the quality known in the trade as fancy fruit, and that the same were to be shipped to it immediately. It avers that the goods were not shipped immediately, but were placed by the plaintiff in a car on the railroad track at Ozone, Florida, where he allowed them to remain for four days, and when the fruit arrived (presumably in Cleveland, though that is not averred), it was not fancy fruit but had been frozen and was of a grade at least 33 1-3

* Affirmed by the Supreme Court without opinion, 83 Ohio State, 464.

per cent. inferior to fancy fruit. Defendant says it did not accept such fruit as a compliance with the contract on the part of the plaintiff, but that it notified the plaintiff that it refused to accept the fruit, and that it would handle the same on a commission basis. It did sell the fruit and obtained therefore a sum, that, after deducting the commissions, left $152.34, which amount it admitted was due to the plaintiff. Thereupon the court entered judgment against the defendant and in favor of the plaintiff for said last named sum, and continued the case for further trial, on the motion of the plaintiff. At the next term of court the case was tried upon the second cause of action, and judgment recovered by the plaintiff, but the court refused to allow any evidence to be introduced on the first cause of action and rendered judgment thereon in favor of the defendant. It is urged that this action was erroneous, because of the provisions of Section 5320, Revised Statutes of Ohio, which, so far as it has any bearing on this case reads:

"When all or a part, of one or more of the causes of action are not put in issue by answer, judgment may be taken as upon a default, for so much of the plaintiff's demand as is not put in issue by the answer upon any or all of the causes of action, without prejudice to the rights of the plaintiff as to that portion of his demand disputed."

This section was originally Section 376 of the Code of Civil Procedure, and as amended March 13, 1872 (69 O. L., 44), reads, where the defendant "having answered to a part of the cause of action alleged, the court may, in its discretion, render judgment upon such part or parts as are not put in issue by such answer." It is further provided that the court may direct, as to the damages put in issue, that the same be assessed by a jury.

So far as the matter here is affected, there seems to be no substantial difference between the statute as it now is and it was prior to the amendment, for if the defendant in this case admitted that there was due to the plaintiff a fixed sum upon a part of his claim and nothing upon the balance, the statute would apply, but here the entire claim of the plaintiff was disputed. As creating any indebtedness upon the contract relied upon by

the plaintiff the defendant says that the plaintiff did not furnish fruit in accordance with the contract, but that he did put certain fruit into its hands which was not in accordance with the contract and it was not bound to accept and did not accept, but that it did obtain for such fruit a specified sum, to which the plaintiff is entitled. It seems clearly to us that the admission by the defendant is not such an admission as entitles him, after having recovered a judgment upon the facts admitted, and accepted the same, to further litigate the question as to whether he performed the contract into which he entered. We regard the case of *Weaver* v. *Carnahan,* 37 O. S., 363, decided under the section as it was in 69 Ohio Laws, *supra,* as authorizing the conclusion to which the court below arrived, and this is strengthened by the case of *White* v. *Herndon,* 15 O. C. C. Reports, 290.

The result is that the judgment of the court of common pleas is affirmed.